### J. W. HEDRICK v. WILLIAM SMITH.
#### No. 6600.

1.  **Omission to Charge upon Limitation.**—Appellant's complaint that the jury was not charged upon limitations in a suit for breach of warranty of land is not sustained when the record fails to show evidence tending to establish adverse possession or that the charge was requested by him.

2.  **Costs in Eviction Suit.**—Suit on breach of warranty for purchase money and in addition for costs of court in the eviction suit wherein plaintiff lost the land.   The costs were claimed upon an express promise, and such promise was proved.  *Held,* no error on plaintiff's recovery that he also recovered the costs of eviction upon such express promise.

APPEAL from Jack.   Tried below before Hon. George A. McCall.
The opinion contains a statement.

*W. E. Taylor* and *H. N. Bell,* for appellant.— 1.   If appellant Hedrick had been in peaceable and adverse possession of the land three years under title or color of title duly registered from and under the sovereignty of the soil, it constituted a good defense to this cause of action, and judgment should have been rendered for the appellant Hedrick.   Or if Hedrick had been in peaceable and adverse possession of the land in controversy, cultivating, using, and enjoying the same and paying taxes thereon for a period of more than five years next before the institution of plaintiff's suit, the action of the plaintiff would have been barred by the statute of limitation and judgment should have been rendered for Hedrick.   If Hedrick was in peaceable and adverse possession of the land in controversy for ten years before the institution of plaintiff's suit, cultivating, using, and enjoying the same, he in law was entitled to a judgment.   Kinney v. Vinson, 32

Texas, 128; Mooring v. Campbell, 47 Texas, 41; Word v. Drouthett, 44 Texas, 369; Rev. Stats., art. 3194; Holliday v. Cromwell, 37 Texas, 437; Charle v. Safford, 13 Texas, 111; Cochrane v. Faris, 18 Texas, 855; Trueheart v. McMichael, 46 Texas, 222; Taylor v. Watkins, 26 Texas, 688; Yancey v. Norris, 27 Texas, 40; Forrest v. Woodall, 33 Texas, 365; Wofford v. McKinna, 23 Texas, 26; Whitehead v. Foley, 28 Texas, 268.

2.   Only parties and their privies and such only as have been made parties are bound by a judgment, and they must be made parties in some one of the modes prescribed by statute.  Neither constructive nor actual notice, unless given in the manner prescribed by law, is sufficient; and even though Hedrick had been made a party to the suit in the United States court at Dallas, Texas, of Toombs v. Boyd and Rider, which he was not, he in law would not have been bound to have paid the costs accruing in said court, because the same could not be recovered as part of the damage in a suit upon a warranty.  Clark v. Mumford, 62 Texas, 531; McClelland v. Moore, 48 Texas, 363.

*H. S. Moran*, for appellee.

ACKER, PRESIDING JUDGE.—William Smith brought this suit against J. W. Hedrick to recover damages for breach of a covenant of warranty contained in a deed from Hedrick to Smith conveying 160 acres of land in Parker County, and also to recover the costs paid by plaintiff in the suit of Toombs against Boyd and Rider, plaintiff's vendees of the land, in the Federal Court at Dallas, in which suit Toombs recovered two-thirds interest in the land.

The trial by jury resulted in verdict and judgment for plaintiff for two-thirds of the purchase money paid by plaintiff to defendant for the land, and also for the costs paid by plaintiff in the suit in the Federal court, from which this appeal is prosecuted.

The first assignment of error is:  "The court erred in not charging the jury upon the law of limitation as it applies to real estate in Texas—that is, did not charge the jury upon the law of three, five, and ten years adverse possession being sufficient in law to make good and perfect title."

There was no evidence of adverse possession.  Hedrick conveyed the land to Smith, who conveyed a part of it to Boyd and another part of it to Rider.  Rider owned land adjoining this land, and testified that the party from whom he purchased the adjoining land had enclosed about 16 acres of this land by mistake, and he purchased the 16 acres from Smith. This was the only evidence of possession of any part of the land.  If there had been proof of possession, however, there was no charge requested on the question of limitation.

We think there was no error in the matter complained of by the first assignment of error.

The only other assignment of error presented is: "Because the court erred in giving to the jury the special charge requested by plaintiff, thus allowing the jury to find against the defendant Hedrick the sum of $67.35 as costs that accrued in the Federal court at Dallas, Texas, the defendant never having been made a party to said suit in the Federal court, and because the costs that accrued in said suit of Robert Toombs v. Boyd and Rider in the Federal court was not a part of the breach of the warranty deed of defendant Hedrick to William Smith."

The suit was brought to recover the costs paid in the suit in the Federal court, as well as to recover damages for breach of the covenant of warranty in the deed from Hedrick to Smith. The plaintiff alleged in his petition an express promise on the part of the defendant to pay the costs, and proved it on the trial. The defendant testified, but did not deny the promise to pay the costs. The plaintiff did not seek to recover the costs as part of the damages for the breach of the covenant of warranty, but upon a separate and distinct understanding on the part of defendant.

We are of opinion that the judgment of the court below is correct and should be affirmed.                                        ○

*Affirmed.*

Adopted June 10, 1890.